People v Norvil (2025 NY Slip Op 51984(U))

[*1]

People v Norvil (Messiah)

2025 NY Slip Op 51984(U) [87 Misc 3d 134(A)]

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA
MUNDY, JJ

2023-1365 K CR

The People of the State of New
York, Respondent,
againstMessiah Norvil, Appellant. 

Brooklyn Defender Services (Owen Senders of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Michael Bierce of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings
County (Archana Rao, J.), rendered October 11, 2023. The judgment convicted
defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence. The
appeal from the judgment brings up for review an order of that court (Devin R.
Robinson, J.) dated July 21, 2023 denying defendant's motion to dismiss the accusatory
instrument on statutory speedy trial grounds, and an October 11, 2023 denial (Archana
Rao, J.) of defendant's motion to dismiss the accusatory instrument on speedy trial
grounds based on its facial insufficiency.

ORDERED that the judgment of conviction is affirmed.
On March 15, 2023, the People filed a misdemeanor complaint charging defendant
with, in relevant part, 12 counts of criminal possession of a forged instrument in the third
degree (Penal Law § 170.20, a class A misdemeanor) and two counts of unlawful
possession of a skimmer device in the second degree (Penal Law § 190.85 [1], a
class A misdemeanor). On June 13, 2023, at 5:37 p.m., the People submitted to the
Criminal Court, through the Electronic Document Delivery System (EDDS), a certificate
of compliance (COC), which contained therein a statement of readiness (SOR) and a
certification pursuant to CPL 30.30 (5-a). On the same day, the People also served these
documents on the defense.
Thereafter, defendant moved to dismiss the accusatory instrument on the ground that
his statutory right to a speedy trial had been violated because the People submitted their
COC/SOR after business hours on the 90th day, the last day for the People to be ready in
this class A misdemeanor prosecution (see CPL 30.30 [1] [b]; People v Labate, 42 NY3d
184 [2024]), thereby totaling 91 days of chargeable time to the People. By order
dated July 21, 2023, the Criminal Court (Devin R. Robinson, J.) denied defendant's
motion, finding that the People timely filed and served their COC/SOR within the 90-day
period established under CPL 30.30 (1) (b).
Defendant's motion was properly denied. Here, the People electronically submitted
the COC/SOR before midnight on the 90th day, and "electronic submission of an SOR
before midnight on the due date satisfies CPL 30.30" (People v Licius, —
NY3d —, —, 2025 NY Slip Op 05873, *1 [2025]).
Subsequently, defendant moved to dismiss the accusatory instrument on speedy trial
grounds because it was facially insufficient. On October 11, 2023, the Criminal Court
(Archana Rao, J.), finding that the accusatory instrument was facially sufficient, denied
defendant's motion. After waiving prosecution by information, defendant pleaded guilty
to disorderly conduct (Penal Law § 240.20) in satisfaction of the accusatory
instrument, and sentence was imposed.
As defendant expressly waived prosecution by information, the facial sufficiency of
the accusatory instrument must be evaluated on appeal under the standards that govern a
misdemeanor complaint (see
People v Aragon, 28 NY3d 125 [2016]; see generally People v King, 83 Misc 3d 29 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2024]).
The factual part of a misdemeanor complaint "must contain a statement of the
complainant alleging facts of an evidentiary character supporting or tending to support
the charges" (CPL 100.15 [3]; see CPL 100.40 [4] [a]) and must, along with any
supporting depositions accompanying the accusatory instrument, "provide reasonable
cause to believe that the defendant committed the offense charged in the accusatory part
of such instrument" (CPL 100.40 [4] [b]). The law does not require that the accusatory
instrument contain the most precise words or phrases most clearly expressing the charge
(see People v Konieczny, 2
NY3d 569, 575 [2004]). "So long as the factual allegations of an [accusatory
instrument] give an accused notice sufficient to prepare a defense and are adequately
detailed to prevent a defendant from being tried twice for the same offense, they should
be given a fair and not overly restrictive or technical reading" (People v Casey,
95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). In addition,
reasonable inferences may be drawn from the allegations set forth in the accusatory
instrument (see People v
Drelich, 32 NY3d 1032, 1033 [2018]).
Here, giving the accusatory instrument a fair and not overly restrictive or technical
reading (see Casey, 95 NY2d at 360), we find that it supplied "defendant with
sufficient notice of the charged crime[s] to satisfy the demands of due process and
double jeopardy" (see People v
Dreyden, 15 NY3d 100, 103 [2010]). The accusatory instrument charged
defendant with 12 counts of criminal possession of a forged instrument in the third
degree. While the factual portion of the instrument merely alleged that defendant
possessed a "quantity" of credit cards with different names, this allegation was sufficient
to support the inference that "quantity" meant "12," when taken into conjunction with the
fact that the accusatory instrument charged him with 12 counts of criminal possession of
a forged instrument in the third degree (see People v Aguilar-Contreras, 68 Misc 3d 126[A], 2020
NY Slip Op 50841[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The
misdemeanor complaint also sufficiently alleged two counts of unlawful possession of a
skimmer device in the second degree (see People v Medina, 59 Misc 3d 146[A], 2018 NY Slip
Op 50765[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Facey, 30 Misc 3d
138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:Jennifer ChanActing Chief ClerkDecision Date: December
12, 2025